IN RE WALL.

(No. 2469—Decided August 9, 1989.)

*Ronald L. Rehm,* guardian ad litem, for the child.

*Roger W. Kienzle, Jr.,* county public defender, for the appellee father.

*Raymond E. Leisy,* assistant prosecuting attorney, for appellant Wayne County Children Services Board.

CACIOPPO, P.J. The appellant, Wayne County Children Services Board ("CSB"), received a notification from an elementary school principal that a minor child, Vicki, had bruises

on her arm. Upon investigation at the school, the bruises were noted by two caseworkers and a Wooster police officer. Vicki claimed that her stepmother, Carol Wall, hit her with a shoe while intoxicated.

CSB filed a complaint alleging that Vicki was a neglected child in accordance with R.C. 2151.03(B). An adjudicatory hearing was held. Upon hearing the evidence, the trial court found that the allegations in the complaint had not been proven and dismissed the matter.

From this order CSB appeals.

### Assignments of Error

"I. The trial court erred in finding that the allegations of neglect were not proven by clear and convincing evidence and such finding is against the manifest weight of the evidence.

"II. The trial court erred in finding as a basis of the decision that a stepmother is neither a parent, guardian, or custodian as required in Ohio Revised Code 2151.03(B)."

Initially, we note that it is not necessary for this court to determine whether a stepmother is a parent, custodian, or guardian under the meaning of R.C. 2151.03, since Carol was never a party to this action. Thus, the only issue before us is whether the court erred in dismissing the complaint against James Wall, Vicki's father.

The burden is upon CSB to show by clear and convincing evidence that the child is neglected. *In re Sims* (1983), 13 Ohio App. 3d 37, 45, 13 OBR 40, 49, 468 N.E. 2d 111, 121. In the case at bar, James was at work at the time the incident occurred and had no knowledge of the incident until some time after it had occurred. Mike Barrett testified that Carol did consume some alcohol, but was not intoxicated. In addition, the testimony showed that Carol did strike Vicki with the sole of a tennis shoe. However, the bruises to Vicki's arms were the result of her being grabbed by Carol when Vicki balked at changing her clothes.

A review of the record shows the court did not err in dismissing the complaint.

CSB's assignments of error are overruled and the decision of the trial court is affirmed.

*Judgment affirmed.*

REECE, J., concurs.

QUILLIN, J., concurs in judgment only.