DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a judgment of the Toledo Municipal Court, appellant, Halania Cowans, appeals her conviction on one count of menacing, a violation of Toledo Municipal Code 537.06, a misdemeanor of the fourth degree. *Page 2 
 {¶ 2} Appellant's conviction stemmed from an incident involving alleged "road rage," wherein it was asserted that appellant believed that Marie Zanders, the driver of another motor vehicle, "cut her off in traffic. According to Zanders and her mother, Jacqueline Chaney, who was a passenger in the automobile being driven by her daughter, the driver of the other car began to swerve her automobile, a silver Optima Kia, toward Zanders' car while screaming at Zanders and Chaney. This action forced Zanders to move over and drive her vehicle into oncoming traffic. Zanders claimed that appellant forced her into oncoming traffic three times.
 {¶ 3} Testimony at appellant's bench trial revealed the following additional facts. The second time that the driver of the Kia forced her vehicle into oncoming traffic, Zanders called 911 on her cell phone. Even though the emergency operator told Zanders not to follow the Kia, Zanders, who now wanted the police to apprehend the driver of the Kia, followed that vehicle from Collingwood Boulevard to a gas station on the corner of Bancroft Street and Ashland Avenue. As Zanders and Chaney were parked next to a fence on the gas station lot, the driver of the Kia pulled her car next to Zanders' vehicle, "hop[ped] along the vehicle and start[ed] swinging her hands yelling to — towards [Zanders] and screaming profanities towards [Zanders'] mother." Zanders told the woman that the police were on their way. When she heard this, the woman returned to her car and drove away. Even though Zanders wanted to follow the woman, she listened to the emergency operator and did not attempt to follow the Kia. *Page 3 
 {¶ 4} Zanders subsequently made a statement to the police and later went to the Toledo Police Department where she was asked to look at a photograph of appellant. She immediately identified appellant as the individual who was driving the Kia on November 8, 2006. Appellant was then charged with one count of menacing. At appellant's bench trial, both Zanders and Chaney identified appellant as the driver of the Kia on the day of the incident.
 {¶ 5} The municipal court found appellant guilty. On September 4, 2007, the judge sentenced appellant to ten days in jail, but suspended that sentence, and placed her on "inactive probation for 6 months." The one condition of appellant's probation was to have "no contact with the alleged victim." Appellant never requested a stay of her sentence. She appeals the trial court's judgment and asserts the following "Propositions of Law":
 {¶ 6} "1. The Court is required to grant a Defendant's Motion for Acquittal under Crim. R. 29(A) when the evidence presented at trial is insufficient to establish the essential elements of a charge of menacing under Toledo Municipal Code 537.06 have been proven beyond a reasonable doubt."
 {¶ 7} "2. A conviction under Toledo Municipal Code section 537.06 is contrary to the manifest weight of the evidence when the conviction is based upon an eyewitness identification procedure so impermissibly suggestive that it creates a substantial likelihood of irreparable misidentification." *Page 4 
 {¶ 8} "3. A Defendant is denied the Sixth Amendment to the United States Constitution right to effective assistance of counsel when substantial violation of defense counsel's essential duties to his client has occurred and Defendant was prejudiced by his ineffectiveness."
 {¶ 9} Under Ohio law, an appeal from a misdemeanor conviction is moot if the sentence in that case was voluntarily served unless the defendant demonstrates that she will suffer some collateral disability or loss of civil rights arising from that conviction. State v. Golston (1994),71 Ohio St.3d 224, 226; State v. Berndt (1987) 29 Ohio St.3d 3, 4, quotingState v. Wilson (1975), 41 Ohio St.2d 236, syllabus. If a defendant fails to file a motion to stay execution of sentence in a case involving a misdemeanor, she is deemed to have voluntarily served her sentence.State v. Miller, 9th Dist. No. 23240, 2007-Ohio-370, ¶ 18 (Citation omitted.). Here, it is undisputed that appellant never requested a stay of her sentence. Further, she neither disputes that her sentence ended six months after September 4, 2007, nor offers any evidence that she will suffer some collateral disability or loss of civil rights arising from her conviction. Accordingly, appellant's appeal is moot, and we will not consider it.
 {¶ 10} This appeal is dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 APPEAL DISMISSED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., concur. *Page 1