[Cite as *State v. Reed*, 2021-Ohio-406.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio/City of Port Clinton                Court of Appeals No. OT-19-047

    Appellee                                      Trial Court No. TRD1900817B

v.

David A. Reed                                     **DECISION AND JUDGMENT**

    Appellant                                     Decided: February 12, 2021

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Alec W. Vogelpohl, Assistant Prosecuting Attorney, for appellee.

Cory B. Kuhlman, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, David Reed, appeals the February 6, 2020 judgment of the

Ottawa County Municipal Court finding him guilty of operating an under-speed vehicle

in violation of R.C. 4511.214(A)(2). Because we find that this case is moot, we dismiss

the appeal.

# I.  Background and Facts[1]

{¶ 2} On April 2, 2019, Reed was stopped by Officer Essex of the Marblehead Police Department while driving a golf cart on Memorial Shoreway in Ottawa County. Essex issued Reed a ticket for violating R.C. 4511.214(A)(2), "lowspeed-underspeed [sic] vehicle."

{¶ 3} The case was tried to the court on August 7, 2019.  The court found Reed guilty of violating R.C. 4511.214(A)(2).

{¶ 4} On October 25, 2019, the court sentenced Reed to a fine of $10 and court costs, resulting in a total sanction of $125.  The record reflects that Reed paid the entire sanction on October 25, 2019.

{¶ 5} On November 8, 2019, Reed filed his notice of appeal.  He did not file a motion to stay his sentence pending appeal either in the trial court or with this court.

{¶ 6} In his brief, Reed raises one assignment of error:

> The Trial Court erred in its application of O.R.C. Section 4511.214 by applying it to a private roadway.

---

[1] On August 7, 2019, the parties filed a set of joint stipulations with the trial court that contains more detailed factual information about the case, but there is no indication in the record that the trial court adopted the stipulations.  Therefore, our factual recitation is brief and limited to what is in the traffic citation and the trial court's judgment entry of conviction and sentence.

2.

## II. Law and Analysis

{¶ 7} As an initial matter, we must address the argument raised by appellee, the city of Port Clinton, that Reed's appeal is moot.

{¶ 8} Under Ohio law, an appeal from a misdemeanor conviction is moot if the defendant voluntarily serves the sentence unless the defendant demonstrates that he will suffer some collateral disability or loss of civil rights arising from the conviction. *Toledo v. Cowans*, 6th Dist. Lucas No. L-07-1332, 2008-Ohio-2989, ¶ 9, citing *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994). A defendant "voluntarily" serves his sentence if he does not file a motion to stay the execution of his sentence pending appeal. *Id.* Here, the record shows that Reed paid his entire sanction on October 25, 2019—the same day that he was sentenced—without seeking a stay pending appeal. Therefore, we find that Reed voluntarily served his sentence.

{¶ 9} Because Reed voluntarily served his sentence, in order for us to consider his appeal, he must provide evidence from which we can infer that he will "'suffer some collateral disability or the loss of civil rights' arising from [his] conviction * * *." *State v. Hobbs*, 6th Dist. Lucas No. L-18-1165, 2019-Ohio-5145, ¶ 9, quoting *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 18. The defendant bears the burden of producing evidence that he has such a "substantial stake" in his conviction to pursue an otherwise moot appeal. *Golston* at 226. Our review of the record shows that Reed has failed to satisfy this burden.

3.

{¶ 10} Reed devotes his brief to arguing that the road on which he was stopped and cited was a private road, not a public road, and that R.C. 4511.214 does not apply to private roads. He does not, however, argue that he has any stake—substantial or otherwise—in his conviction that would allow him to pursue this moot appeal. And when the city raised the issue of mootness in its brief, Reed did not file a reply brief pointing out a collateral disability or loss of civil rights that accompanies his conviction. Put simply, Reed failed in his burden to provide any evidence showing that he will suffer a collateral disability or loss of civil rights. *Golston* at 226. Accordingly, his appeal is moot and we will not consider it.[2]

### III. Conclusion

{¶ 11} This appeal is moot as a result of Reed voluntarily completing his sentence and failing to identify a collateral disability or loss of civil rights associated with his conviction. Accordingly, we dismiss his appeal. Reed is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

---

[2] Even if the case were not moot, we would be compelled to affirm the trial court because Reed did not file a transcript of the August 7, 2019 bench trial, and "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                                              JUDGE

Christine E. Mayle, J.

                                                 _____
Gene A. Zmuda, P.J.                             JUDGE
CONCUR.

                                                 _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.