**[Cite as *State v. Simmons*, 2023-Ohio-3659.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO (CITY OF TROTWOOD)                              :
                                                             :
                                                             :   C.A. No. 29749
          Appellee                                           :
                                                             :   Trial Court Case No. 2022 CRB 01229
v.                                                           :   W
                                                             :
COREY F. SIMMONS                                             :   (Criminal Appeal from Municipal Court)
                                                             :
          Appellant                                         :

. . . . . . . . . . .

O P I N I O N

Rendered on October 6, 2023

. . . . . . . . . . .

CHRISTOPHER BAZELEY, Attorney for Appellant

TERRY W. POSEY, SR., Attorney for Appellee

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Corey F. Simmons was convicted after a bench trial in the Montgomery County Municipal Court, Western Division, of theft, a first-degree misdemeanor. He appeals from his conviction, claiming that (1) the trial court abused its discretion by failing to address his discovery concerns and to continue the trial, (2) his attorney rendered

ineffective assistance, and (3) the trial court erred in failing to provide him an opportunity for allocution at sentencing. However, Simmons did not seek a stay of his sentence, which he has now completely served. Accordingly, his appeal will be dismissed as moot.

## I. Facts and Procedural History

{¶ 2} On the morning of November 16, 2022, Simmons entered the Lowe's store in Trotwood, removed the security tag from a Pro MIG wire welder (valued at $849), and took the tool from the store without paying for it. Five days later, the theft was reported to the police. Lowe's asset protection and safety manager for the Trotwood store provided security footage, photographs, and the store report to the responding officer. He also recognized the perpetrator as Simmons.

{¶ 3} Simmons was charged by complaint with theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor. He was arrested in January 2023 and pled not guilty. A public defender was appointed to represent him, and a pretrial conference was held on January 31, 2023. Simmons's trial date was scheduled for February 15, 2023, approximately two weeks later.

{¶ 4} On February 15, 2023, the court conducted a bench trial for this case as well as a second case against Simmons (Montgomery M.C. No. 2021-CRB-677), which involved another theft at the same Lowe's store on July 8, 2021. Before the trial began, the State noted for the record that it had offered to dismiss one case if Simmons pled to the other; Simmons had refused the offer. When the court asked defense counsel if she was ready to proceed, counsel responded:

Your Honor, I'm really not, especially on the '21 case. I just got the

discovery today. And that I have not gotten a disk and not been able to see it. He was in prison, which closed after the time that he went to jail. They didn't have service on him. So they put a warrant out. But shortly after that, he went to prison until last year, January 29th. So I'm not sure that it's not a speedy trial violation.

The court responded, "Well, we don't have anything on record. Let's go ahead and proceed. * * *"

{¶ 5} After the State presented its evidence, the trial court granted Simmons's Crim.R. 29 motion as to his 2021 case but denied the motion regarding this 2022 case. Simmons then testified in his own defense. After considering the evidence, the court found Simmons guilty and proceeded immediately to sentencing. The court asked defense counsel and the prosecutor if they had anything to say before sentence was imposed; the court did not ask Simmons if he wanted to speak on his own behalf. After inquiring of counsel whether Simmons we entitled to any jail time credit (defense counsel indicated that he was not), the court imposed 180 days in jail, to be served forthwith, and a fine of $100 and court costs; the fine and costs were "suspended for jail credit."

{¶ 6} Simmons appeals from his conviction, raising three assignments of error. First, he raises that the trial court abused its discretion when it failed to address his discovery concerns and to continue the trial. Second, he claims that his defense counsel rendered ineffective assistance. Third, he argues that the trial court erred in failing to provide him an opportunity for allocution. The State initially conceded error regarding the trial court's failure to provide Simmons his right of allocution, but it disputed that the

trial court had otherwise erred.

{¶ 7} After appellate briefing concluded, the State filed a "notice of suggestion of mootness," arguing that this matter is now moot. Simmons responded to the State's notice, arguing that the State had failed to present evidence that he had completed his sentence, that he had maintained his innocence throughout the trial court proceedings and timely appealed, and that he had a substantial interest in having the conviction removed from his criminal record, as it would make it difficult to find meaningful employment.

## II. Mootness

{¶ 8} Before we address the merits of his assignments of error, we must consider whether Simmons's appeal is moot.

{¶ 9} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. Under the mootness doctrine, American courts will not decide cases where an actual legal controversy no longer exists between the parties. *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 55. It is well established that an appellate court lacks jurisdiction to consider the merits of a moot

appeal. *See State v. Berndt*, 29 Ohio St.3d 3, 4, 504 N.E.2d 712 (1987); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 9; *State v. Ekouevi*, 1st Dist. Hamilton No. C-220267, 2023-Ohio-703, ¶ 4.

{¶ 10} In misdemeanor cases, courts consider appeals to be moot if the defendant has voluntarily satisfied his or her sentence, unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236, syllabus; *Urbana v. Boystel*, 2d Dist. Champaign No. 2021-CA-5, 2021-Ohio-2529, ¶ 9. This is so because, if the sentence has been served, a favorable appellate outcome could not "operate to undo what has been done or restore the petitioner the penalty of the term of imprisonment which he has served." *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 17. This general rule does not apply to felony convictions, which result in collateral disabilities as a matter of law. *State v. Hodge*, 2d Dist. Montgomery No. 29147, 2022-Ohio-1780, ¶ 49, citing *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus.

{¶ 11} A defendant can show that he did not serve a sentence voluntarily if he sought a stay of the sentence to allow for the appeal. *Smith* at ¶ 10, citing *Lewis* at ¶ 23. A sentence is also considered involuntarily served when it is entirely served prior to conviction. *Id.*, citing *State v. Benson*, 29 Ohio App.3d 109, 110, 504 N.E.2d 77 (10th Dist.1986) ("[W]here a defendant is unable to post bond prior to trial and, where, upon conviction his sentence is suspended for time served, his subsequent appeal of the completed sentence cannot be precluded on the basis of mootness.").

{¶ 12} "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. "[A] collateral legal disability implies a separate and distinct consequence from the original criminal prosecution, that is, there must be some other effect, adverse to the defendant beyond expected punishment for his current offense." *State v. McCarty*, 2d Dist. Montgomery No. 20581, 2005-Ohio-4031, ¶ 4; *State v. Washington*, 2d Dist. Montgomery No. 27690, 2018-Ohio-1231, ¶ 9. "[A] purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." *State v. Moore*, 2d Dist. Montgomery No. 20772, 2005-Ohio-4518, ¶ 14, quoting *State v. Johnson*, 43 Ohio App.3d 1, 3, 538 N.E.2d 1082 (1st Dist.1988); *Washington* at ¶ 10. The defendant bears the burden of establishing at least an inference that he or she will suffer some collateral disability or loss of civil rights. *Johnson v. Johnson*, 2020-Ohio-1644, 154 N.E.3d 310, ¶ 27 (2d Dist.); *Berndt*, 29 Ohio St.3d at 4, 504 N.E.2d 712.

{¶ 13} "A court may consider extrinsic evidence from outside the record to determine mootness." *Pruitt v. Pruitt*, 2d Dist. Montgomery No. 29331, 2022-Ohio-2058, ¶ 14, citing, *e.g., State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8.

{¶ 14} In this case, the trial court sentenced Simmons to 180 days in jail and ordered him to pay a fine of $100 and court costs (the fine and costs were suspended). The judgment entry further clarified: "Defendant to serve 180 days forthwith; suspend all court costs and fines for jail credit." Simmons did not seek a stay of his sentence, either

from the trial court or this appellate court. The fact that Simmons had protested his innocence at trial and subsequently appealed his conviction is not sufficient to render the service of his sentence involuntary.

{¶ 15} In its "notice of suggestion of mootness," the State indicated that Simmons had been released from jail on August 12, 2023. The trial court's online docket reflects that Simmons's jail term was to start on February 15, 2023 (the trial and sentencing date) and end on August 14, 2023. It therefore appears that Simmons has now completely served his term of incarceration and that there are no outstanding financial obligations for this case. Simmons also has not demonstrated that his conviction for theft will result in collateral consequences. His assertion that he might have difficulty finding employment does not rise to the level of a legal disability or loss of civil rights. Consequently, his appeal is moot.

### III. Conclusion

{¶ 16} Simmons's appeal will be dismissed as moot.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.