[Cite as *State v. Al-Murshidy*, 2025-Ohio-3302.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

City of Bowling Green                                    Court of Appeals No.  WD-24-070

    Appellee                                             Trial Court No.  2024TRD5370

v.

Mohammed Al-Murshidy                         **DECISION AND JUDGMENT**

    Appellant                                            Decided: September 12, 2025

* * * * *

Mimi Yoon, City of Bowling Green Prosecuting Attorney, and
Michael Sheehan, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**MAYLE, J.**

**{¶ 1}** Appellant, Mohammed Al-Murshidy, appeals the August 28, 2024 judgment

of the Bowling Green Municipal Court finding him guilty of operating a motor vehicle

while using an electronic wireless communication device in violation of R.C. 4511.204.

Because we find that this case is moot, we dismiss the appeal.

{¶ 2} On August 11, 2024, Ohio State Highway Patrol trooper Byron Wurth stopped Al-Murshidy because he saw Al-Murshidy holding his cellphone in front of him for three to four seconds while he was driving his semitruck on Interstate 75.  Wurth issued Al-Murshidy a ticket for violating R.C. 4511.204, operating a motor vehicle while using an electronic wireless communication device.

{¶ 3} The case was tried to the court on August 28, 2024.  The trial court found Al-Murshidy guilty of violating R.C. 4511.204.  At the end of the trial, the court sanctioned Al-Murshidy by ordering him to pay court costs.  On August 21, 2024, a week before the trial, Al-Murshidy entered a no-contest plea before a magistrate (that he later objected to, and the court rejected).  As part of his plea, the magistrate ordered him to pay court costs that day.  The record shows that Al-Murshidy paid $90 in costs on August 21, 2024, and was not assessed any additional costs.

{¶ 4} On October 7, 2025, Al-Murshidy filed his notice of appeal.  He has not filed a motion to stay either in the trial court or with this court.

{¶ 5} In his brief, Al-Murshidy raises one assignment of error:

THE TRIAL COURT DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHTS TO BE REPRESENTED BY THE COUNSEL OF HIS CHOICE BY UNREASONABLY DENYING HIS MOTION TO CONTINUE HIS TRIAL.

{¶ 6} Under Ohio law, an appeal from a misdemeanor conviction is moot if the defendant voluntarily serves the sentence unless the defendant demonstrates that he will suffer some collateral disability or loss of civil rights arising from the conviction.  *Toledo*

2.

*v. Cowans*, 2008-Ohio-2989, ¶ 9 (6th Dist.), citing *State v. Golston*, 71 Ohio St.3d 224, 226 (1994). A defendant "voluntarily" serves his sentence if he does not file a motion to stay the execution of his sentence pending appeal. *Id.* Although the appeal of a defendant who serves his entire sentence before he is convicted may not be moot, *State v. Benson*, 29 Ohio App.3d 109, 109-110 (10th Dist. 1986), this exception does not apply when the defendant satisfies his sentence in the period between a magistrate making their recommendation and the trial court accepting or rejecting the magistrate's decision. *See In re A.J.*, 2014-Ohio-5566, ¶ 6 (1st Dist.).

{¶ 7} Here, the record shows that Al-Murshidy paid his entire sanction on August 21, 2024, based on the magistrate's recommendation regarding his plea and sentence. He did not wait for the court to adopt or reject the recommendation or attempt to seek a stay pending appeal. Therefore, despite Al-Murshidy paying court costs before he was convicted, we find that Al-Murshidy voluntarily served his sentence.

{¶ 8} Because Al-Murshidy voluntarily served his sentence, in order for us to consider his appeal, there must be evidence from which we can infer that he will suffer some "collateral disability or the loss of civil rights" arising from his conviction. *State v. Carter*, 2017-Ohio-2898, ¶ 7 (6th Dist.); *Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 18. "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 2007-Ohio-2621, ¶ 10. There must also be evidence that the defendant has this type of

3.

"substantial stake" in his conviction to pursue an otherwise moot appeal. *Golston* at 226. Our review of the record shows that such evidence does not exist in this case.

{¶ 9} Al-Murshidy devotes his brief to arguing that the trial court's denial of a continuance violated his Sixth Amendment right to be represented by counsel of his choosing. Nothing in his brief shows that he has any stake—substantial or otherwise—in his conviction that would allow him to pursue this moot appeal. Although the record shows that Al-Murshidy was convicted of an offense that provides for enhanced penalties if an offender commits more than one violation in a two-year period, R.C. 4511.204(D)(1)(b)-(c), the possibility of an enhanced penalty for a future conviction is not a collateral disability. *State v. Berndt*, 29 Ohio St.3d 3, 4 (1987). Additionally, the trial transcript alludes to possible, unspecified employment consequences from Al-Murshidy being convicted under R.C. 4511.204, but this type of speculation is not enough to show a collateral disability because "[a] purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal." (Internal quotation omitted.) *State v. Simmons*, 2023-Ohio-3659, ¶ 12 (2d Dist.).

{¶ 10} Put simply, the record does not support a finding that Al-Murshidy will suffer a collateral disability or loss of civil rights as a result of his conviction. *Golston* at 226. Therefore, his appeal is moot, and we will not consider it.

{¶ 11} As this appeal is moot because Al-Murshidy voluntarily completed his sentence and is not subject to a collateral disability or loss of civil rights associated with

4.

his conviction, we dismiss his appeal. Al-Murshidy is ordered to pay the costs of this appeal under App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Christine E. Mayle, J. | |
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Myron C. Duhart, J.<br>CONCUR. | |
| | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.