[Cite as *Toledo v. Carter*, 2016-Ohio-3505.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Toledo

       Appellee

v.

Marcus J. Carter

       Appellant

Court of Appeals No. L-15-1128

Trial Court No. CRB-14-11651

**DECISION AND JUDGMENT**

Decided:  June 17, 2016

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Jimmie Jones, Assistant Prosecutor, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Marcus Carter, appeals his conviction in the Toledo Municipal

Court, Housing Division, of one count of house stripping in violation of Toledo

Municipal Code 541.14(a), a misdemeanor of the first degree.[1]  For the following reasons, we affirm, in part, and remand the matter for further proceedings regarding the imposition of restitution.

{¶ 2} On April 21, 2015, a bench trial was held on the charge of house stripping.[2] The first witness called by the state was Detective Richard Holland of the Toledo Police Department.  Holland testified that in the early morning hours of July 25, 2014, he responded to a call relating to a property at 705 Belmont in the city of Toledo.  An anonymous caller had described that she saw an individual breaking into the back door of the house.  The caller later stated that it was not a burglary, but rather two individuals were removing downspouts off of the house, and walking back and forth between that house and a house across the alley on Elizabeth Street.  Holland testified that he and his partner approached in a limited-marked vehicle, which was an all-black Crown Victoria that was equipped with lights and a siren.  When they approached, Holland observed two individuals in the roadway, who fled in opposite directions on foot.  Holland and his partner apprehended one of the men, who was later identified as appellant.

{¶ 3} In describing the scene, Holland testified that there was a garbage can near the abandoned house on Elizabeth Street that contained an amount of scrap metal

---

[1] On April 28, 2015, Toledo Municipal Code 541.14(a) was repealed.  The offense is currently prohibited under Toledo Municipal Code 545.21.

[2] The transcript indicates that appellant was also facing charges of obstructing official business and possession of criminal tools.  Although not indicated in the transcript, appellant and the state agree that appellant was found not guilty of those charges.

including downspouts, eaves troughs, and aluminum siding. Holland testified that the contents of the garbage can were consistent with the materials on the house at 705 Belmont, and that it appeared to him that the items came off of that house. Next to the garbage can was a maroon bicycle, which appellant claimed was his.

{¶ 4} On cross-examination, Holland conceded that he did not observe appellant removing any property from the house on Belmont, nor did he see appellant depositing any items into the trash can.

{¶ 5} On re-direct, Holland also testified that while he was pursuing appellant, he observed appellant dropping a stocking cap and a pair of work gloves.

{¶ 6} The state then called Officer Melvin Haney of the Toledo Police Department. Haney was working with Holland on the night of the incident. Similar to Holland, Haney testified that appellant fled when they approached. He also testified regarding the garbage can of items that appeared to have been taken from the house on Belmont, as well as the proximity of appellant's bicycle to that garbage can. Haney also confirmed that appellant dropped the stocking cap and work gloves while he was fleeing.

{¶ 7} As its final witness, the state called Brenda Baker, the owner of the house on Belmont. Baker testified that she was on vacation at the time of the incident. She stated that when she returned home, she found that her privacy fence had been broken down, that one of the windows on the side of her house was broken, and that some siding near a window was missing, as well as the eaves troughs.

3.

**{¶ 8}** In addition to the testimony, the state entered the police report and a photograph of appellant as evidence. The state then rested.

**{¶ 9}** Appellant testified in his own defense. Appellant stated that he was home in the early morning hours of July 25, 2014, but that he left around 1:30 a.m. when he received a call informing him that there was some possible scrap that was left around the Elizabeth and Belmont area. Appellant testified that he was a scrapper, and he wanted to check out the potential scrap before he picked it up to make sure he was not getting in trouble. Because of some issues with his driver's license, appellant rode his bicycle to the location to determine whether he should come back over with his truck.

**{¶ 10}** Appellant testified that he fled as the car approached because he was concerned for his safety given the reputation of the neighborhood and the fact that a car was slowly driving up to him with no lights on. He stated that two other individuals were with him, who also fled. One of the individuals was the person who alerted him to the presence of the scrap metal. Appellant testified that he did not personally take anything off of the house on Belmont and he did not observe the other individuals take anything off of the house.

**{¶ 11}** On cross-examination, appellant explained that he was out scrapping at 1:30 a.m. because it is very competitive and people often go out at 3:00 a.m. or 4:00 a.m. Appellant even took the police to his home to show them the pile of scrap that he had that he was waiting to deposit. Appellant also admitted that he dropped the hat and gloves,

4.

but explained that he had the gloves to avoid getting cut from the aluminum; the hat was just something that he wore.

{¶ 12} Following the presentation of testimony and evidence, the court found appellant guilty. The court proceeded immediately to sentencing, and ordered appellant to serve 180 days in jail, with 90 days suspended, and with credit for 90 days served. The court required appellant to perform 50 hours of community service and pay a $250 fine plus court costs. The court also ordered appellant to pay restitution to the victim for damage to the siding, fence, and downspouts. However, no amount was specified. In its subsequent, typed judgment entry on July 31, 2015, the trial court ordered "restitution to the victim for the siding that was removed, fence and downspouts."

{¶ 13} Appellant has timely appealed the trial court's judgment of conviction, setting forth the following two assignments of error:

1. Appellant's conviction for house stripping is unsupported by sufficient evidence and is against the manifest weight of the evidence.

2. The trial court erred in imposing restitution.

**Analysis**

{¶ 14} In his first assignment of error, appellant contends that his conviction is based on insufficient evidence and is against the manifest weight of the evidence.

{¶ 15} Insufficiency and manifest weight are distinct legal theories. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d

541 (1997). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 16} In contrast, when reviewing a manifest weight claim,

The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *Thompkins* at 387.

{¶ 17} Former Toledo Municipal Code 541.14(a) provided,

No person, without privilege to do so, shall knowingly dismantle and/or remove by any means, any fixtures, building or construction materials attached to, installed on, in, or over the interior or exterior of any new or existing vacant residential, commercial, industrial, accessory or other structure and the property on which the structure is sited.

6.

{¶ 18} Here, appellant contends that there is no evidence showing that he knowingly removed any property from the house. In fact, the only evidence suggesting that a person removed property that night was a statement by the anonymous caller, and the caller did not give a description of the alleged perpetrator. Furthermore, appellant notes that no evidence was admitted showing the contents of the garbage can, no evidence indicates that appellant touched anything in the garbage can or touched the house, and no evidence demonstrates that the contents of the garbage can were at one time on the house other than Holland's and Haney's assertions that the material looked "consistent."

{¶ 19} Appellant argues that the circumstantial evidence of being present on the scene, late at night, with work gloves is consistent with his explanation that he is a legitimate scrapper, and thus is insufficient to support his conviction. In support of his argument, appellant quotes *State v. Lott*, 51 Ohio St.3d 160, 167, 555 N.E.2d 293 (1990), wherein the Ohio Supreme Court recognized that "Circumstantial evidence relied upon to prove an essential element of a crime must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt." However, the court continued, "[O]nce the [trier of fact] has reached its decision, an appellate court, in a case where circumstantial evidence is relied upon, will reverse only where the evidence is insufficient as a matter of law to enable the [trier of fact] to exclude a reasonable hypothesis of innocence." *Id.* at 167-168, quoting *State v. Graven*, 54 Ohio St.2d 114, 119, 374 N.E.2d 1370 (1978).

7.

{¶ 20} In this case, we do not find that the evidence is insufficient as a matter of law to enable the trial court to exclude appellant's explanation as a legitimate scrapper. The evidence revealed that appellant's presence at the location was related to the scrap metal, that appellant was there around 2:00 a.m., that he was wearing all black and a stocking cap in the middle of July, that he rode a bicycle to the location and did not drive a truck to haul the material, that an anonymous call was received that two people were taking downspouts off of a house in the middle of the night, that he fled when a car approached him, and that while he was fleeing he dropped his work gloves and stocking cap. We find that this evidence is consistent with the prosecution's theory that appellant was engaged in house stripping, and is sufficient to enable the trial court to exclude appellant's explanation that he was a legitimate scrapper as a reasonable alternative. Moreover, we hold that the trial court did not lose its way, creating a manifest miscarriage of justice, as this is not the exceptional case where the evidence weighs heavily against the conviction.

{¶ 21} Accordingly, because we hold that appellant's conviction is based on sufficient evidence and is not against the manifest weight of the evidence, appellant's first assignment of error is not well-taken.

{¶ 22} In his second assignment of error, appellant argues that the court erred in imposing restitution without specifying an amount, stating only that it was for "siding, fence, [and] downspouts." Appellant asserts that by ordering restitution without specifying an amount he was deprived of the opportunity to request an evidentiary

8.

hearing to contest the amount of restitution. The state, for its part, concedes that the restitution order was not properly granted, noting that the court did not hold a hearing on the amount as required by R.C. 2929.28(A)(1).

{¶ 23} R.C. 2929.28(A)(1) provides, in pertinent part,

[T]he court imposing a sentence upon an offender for a misdemeanor * * * may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. * * * [T]he financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) * * * [R]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * *

If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold an evidentiary

hearing on restitution if the offender, victim, or survivor disputes the amount of restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

{¶ 24} Here, the trial court did not determine the amount of restitution to be paid by appellant.[3] Accordingly, appellant's second assignment of error is well-taken.

**Conclusion**

{¶ 25} For the foregoing reasons, the judgment of the Toledo Municipal Court, Housing Division, is affirmed, in part. The matter is remanded to the trial court for a period of 30 days to determine the amount of restitution, and if that amount is disputed, to conduct a hearing in accordance with R.C. 2929.28(A)(1). If the trial court fails to determine an amount of restitution within that time, that portion of the sentence shall be considered void. Appellant and the state are ordered to split the costs of this appeal evenly pursuant to App.R. 24.

Judgment affirmed, in part.

---

[3] The judgment entry also does not indicate the crime of which appellant was found guilty.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
Stephen A. Yarbrough, J.                      JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.