[Cite as *State v. Carter*, 2017-Ohio-2898.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo          Court of Appeals No. L-16-1099

      Appellee                    Trial Court No. CRB14-11651

v.

Marcus J. Carter              **DECISION AND JUDGMENT**

      Appellant              Decided: May 19, 2017

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This case is before the court following the April 12, 2016 judgment of the Toledo Municipal Court which found him in violation of the terms of his probation and sentenced him to 30 days of incarceration. For the foregoing reasons, we affirm.

{¶ 2} The relevant facts are as follows. Following a bench trial, on July 31, 2015, appellant was convicted of house stripping and was sentenced to 180 days in jail with 90

days suspended and 90 days credit for time served. Appellant was also ordered to perform 50 hours of community service, pay a $250 dollar fine, and pay restitution. On appeal, we affirmed appellant's conviction but remanded the matter for a hearing to determine the amount of restitution. *See City of Toledo v. Carter*, 6th Dist. Lucas No. L-15-1128, 2016-Ohio-3505.

{¶ 3} On January 28, 2016, appellant was called back into court on a probation violation hearing. The matter was continued on multiple occasions with a hearing held on April 12, 2016. Thereafter, the court found appellant guilty of the probation violation and sentenced him to 30 days in jail. This appeal followed.

{¶ 4} Appellant raises two assignments or error for our review:

I. The court's finding of a probation violation for appellant's failure to report for a meeting with his probation officer was against the manifest weight when appellant was hospitalized at the time, and proof of his hospitalization was available.

II. The court's finding of a probation violation for appellant's failure to complete his community service by Sept. 28, 2015 was against the manifest weight of the evidence when appellant's probation ran until April 21, 2016.

{¶ 5} Prior to addressing the delineated assignments of error, we must examine the state's argument that this appeal is moot because appellant has already served the imposed 30-day jail term. The Supreme Court of Ohio addressed this issue in *Cleveland Heights v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278. In *Lewis*, the

2.

court examined whether an appeal by a misdemeanant[1] who serves his sentence after unsuccessfully moving to stay the sentence in the trial court but not seeking a stay in the appellate court, is moot. The court answered in the negative holding:

> The expiration of an inactive period of probation during the pendency of an appeal does not render the appeal moot because the misdemeanant failed to file a motion for stay in the appellate court where the misdemeanant unsuccessfully sought a stay of execution from the trial court to prevent an intended appeal from being declared moot and subsequently filed a notice of appeal to challenge the conviction. *Id.* at paragraph two of the syllabus.

{¶ 6} In reaching its holding, the court further acknowledged that the appellate court could have provided redress in his case because the appellant's assignment of error related to his finding of guilt; appellant argued that he had been wrongly convicted. *Id.* at ¶ 24. The *Lewis* decision's concurrences further noted that the collateral consequences of a criminal conviction, felony or misdemeanor, can be significant. *Id.* at ¶ 28-36.

{¶ 7} While we agree with the *Lewis'* concurrences that in today's world a misdemeanor conviction can have a negative impact on various aspects of life; appellate districts, including ours, have found misdemeanor appeals moot where the defendant has already served the sentence and did not request a stay. In *Toledo v. Cowans*, 6th Dist.

---

[1] Appeals from felony convictions are not considered moot even if the entire sentence has been satisfied. *Lewis* at ¶ 19, citing *State v. Golston*, 71 Ohio St.3d 244, 643 N.E.2d 109 (1994).

3.

Lucas No. L-07-1332, 2008-Ohio-2989, we found that because the defendant failed to request a stay of the sentence her appeal was moot. *Id.* at ¶ 9. We further noted that appellant failed to demonstrate a "collateral disability or loss of civil rights" stemming from the conviction. *Id.* Likewise, in a probation revocation case, we determined that the appeal was moot because the appellant failed to show a collateral disability that survived the completion of the sentence. *State v. Leister*, 6th Dist. Lucas No. L-89-328, 1990 Ohio App. LEXIS 4642 (Oct. 26, 1990). *Accord State v. Farris*, 1st Dist. Hamilton No. C-150567, 2016-Ohio-5527; *Lakewood v. Sclimenti*, 8th Dist. Cuyahoga No. 101931, 2015-Ohio-1842; *State v. Harris*, 7th Dist. Mahoning No. 11 MA 51, 2012-Ohio-1304. *But see State v. Smith*, 1st Dist. Hamilton Nos. C-150445, C-150446, 2016-Ohio-3521, the appeal was not moot where appellant's being subject to a ten-year registration requirement following his child-enticement convictions was determined to be a collateral disability.

{¶ 8} Reviewing the record of the probation violation proceedings, we note that appellant failed to request a stay of his sentence in the trial court. Further, appellant failed to argue the existence of a collateral disability. During the April 12, 2016 probation revocation hearing, following the court's finding of a probation violation the only mention of a potential collateral consequence was by appellant's attorney who stated:

> [A]s far as the defendant's current history, I think he is currently on community control to Judge English. Judge English has been very clear that he is to have no new charges. I believe thus far that requirement has

4.

been fulfilled. I think my client has a little bit of concern as to what this might mean for Judge English. Thus far I don't think this is going to trigger any issue.

**{¶ 9}** Based on the foregoing and in light of the relevant case law, we must conclude that appellant's appeal is moot and his assignments of error are not well-taken. On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Toledo Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE