[Cite as *State v. Williams*, 2018-Ohio-4237.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

  Appellee

v.

Shaqunia Williams

  Appellant

Court of Appeals No. L-17-1257

Trial Court No. CR0201701743

**DECISION AND JUDGMENT**

Decided: October 19, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Andrew J. Lastra and Laren Carpenter, Assistant Prosecuting Attorneys,
for appellee.

Patricia Horner, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an October 10, 2017 judgment of the Lucas County

Court of Common Pleas, finding appellant guilty on one amended count of child

endangerment, in violation of R.C. 2919.22(A), a misdemeanor of the first degree.

Appellant was sentenced to, and served, a term of incarceration of 180 days. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Counsel for appellant has submitted a request to withdraw pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. In support of the request, counsel states that, after reviewing the record of proceedings in the trial court, she is unable to find arguable issues on appeal. In conformity with *Anders*, counsel for appellant sets forth the following two proposed assignments of error:

I. APPELLANT COULD ASSERT HER PLEA WAS NOT VOLUNTARILY, KNOWINGLY OR WILLINGLY ENTERED INTO.

II. APPELLANT COULD ARGUE THE SENTENCE WAS EXCESSIVE.

{¶ 3} In *Anders*, the United States Supreme Court held that if counsel, after conscientious examination of the case, believes any appeal to be wholly frivolous, they should so advise the court and request permission to withdraw. *Id*. at 744.

{¶ 4} The request to withdraw must be accompanied by a brief identifying anything in the record that could arguably support an appeal. *Id*. Counsel must furnish the client with a copy of the brief and the request to withdraw. *Id*. Once these requirements have been satisfied, the appellate court then conducts a full examination of the proceedings from below to determine if the appeal is frivolous. The appellate court may grant counsel's request withdraw and dismiss the appeal or may proceed to a decision on the merits. *Id*.

2.

**{¶ 5}** Lastly, we note that this matter was filed prior to this court's decision in *State v. Wenner*, 6th Dist. Sandusky No. S-18-004, 2018-Ohio-2590, thereby enabling the case to proceed pursuant to the *Anders* filing given that it was filed prior to this court's decision announcing a discontinuation of *Anders* for case review purposes.

**{¶ 6}** The following undisputed facts are relevant to this appeal. Appellant was the legal custodian of two minor children and was pursuing the adoption of the children through the Lucas County Children's Services Board ("CSB").

**{¶ 7}** Subsequent to taking legal custody of the children from CSB and beginning the adoption process, appellant knowingly gave physical custody of the children to another party whom was not legally entitled to the children.

**{¶ 8}** Notably, appellant was aware that the person had previously lost physical custody of a minor son and was aware of the presence of a severe drug addict residing in the home in which she placed the children.

**{¶ 9}** Subsequent to appellant placing the children in the above-described high risk environment, the adult with whom the children were then living severely abused and neglected the children, ultimately causing the death of one of the two children, a four-year old girl.

**{¶ 10}** As conveyed by the trial court, "The facts in this case are stomach churning. They reveal the most horrific abuse * * * That child was bruised from the tip of her toe to the top of her head. That child was burned. That child was put in a dog cage * * * Physical, mental torture * * * So tiny from not being properly fed that she was in the one percentile."

3.

{¶ 11} On August 28, 2017, appellant entered a negotiated plea to one count of child endangerment, in violation of R.C. 2919.22(A), a misdemeanor of the first degree. Appellant was sentenced to a 180-day term of incarceration. This appeal ensued.

{¶ 12} Prior to the potential consideration of the proposed assignments of error, we must first consider the propriety of appellee's chief assertion on appeal that the appeal itself is moot under the facts and circumstances of this case.

{¶ 13} The record reflects appellant was ultimately convicted of a misdemeanor level offense. The record further reflects that appellant served the entirety of the sentence, did not request a stay of execution from the trial court, and presented no evidence of any collateral legal disability, such as being subject to a statutorily mandated registration requirement.

{¶ 14} This court has consistently recognized that under the above-described circumstances, a case on appeal is rendered moot. In a recent criminal appeal similarly involving a misdemeanor conviction in which appellant had already served the entirety of the sentence, this court held, "[W]e note that appellant failed to request a stay of his sentence in the trial court. Further, appellant failed to argue the existence of a collateral disability." *State v. Carter*, 6th Dist. L-16-1099, 2017-Ohio-2898, ¶ 8. Accordingly, we determined that, "[A]ppellant's appeal is moot and his assignments of error are not well-taken." *Carter*, at ¶ 9. Appellant's counsel's motion to withdraw is granted.

{¶ 15} Likewise, in the instant case, we find that the record shows that appellant, who has served the full sentence, failed to request a stay of execution of the sentence in the trial court and did not demonstrate a resulting collateral disability. As such, we find

4.

the appeal to be moot and the assignments of error to be not well-taken. Appellant's counsel's motion to withdraw is granted.

{¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.      _____
                                                                          JUDGE

Thomas J. Osowik, J.     

                                 _____
Christine E. Mayle, P.J.                                       JUDGE
CONCUR.

                                 _____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.