[Cite as *State v. Ghast*, 2024-Ohio-697.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

SARAH GHAST,

    DEFENDANT-APPELLANT.

CASE NO. 7-23-13

O P I N I O N

Appeal from Napoleon Municipal Court
Trial Court No. CRB2300043

Appeal Dismissed

Date of Decision:  February 26, 2024

**APPEARANCES:**

    *Tyler Naud Jechura* **for Appellant**

    *Billy D. Harmon* **for Appellee**

**MILLER, J.**

{¶1} Defendant-Appellant, Sarah Ghast ("Ghast"), appeals the July 10, 2023 judgment issued by the Napoleon Municipal Court. The trial court had sentenced her to serve 10 days in jail for violating a no-contact order. In her appeal, Ghast argues the trial court abused its discretion in finding she violated that order. For the reasons that follow, we dismiss Ghast's appeal as moot.

**I.      FACTS AND PROCEDURAL HISTORY**

{¶2} On May 8, 2023, Ghast pleaded guilty to an amended charge of Persistent Disorderly Conduct, a misdemeanor of the fourth degree, pursuant to R.C. 2917.11(A)(1) and (E)(3)(a). After accepting her guilty plea, the trial court proceeded to sentence Ghast to (a) pay a fine and court costs, with a portion stayed upon the condition she not commit a similar violation for two years, and (b) serve 30 days in jail at the Corrections Center of Northwest Ohio, with all 30 days suspended on the conditions that she not commit a similar violation for two years and she have no contact with four individuals listed on a no-contact order (the "No Contact Order"). Ghast did *not* appeal from this underlying May 8, 2023 judgment or from its finding of guilt for violating R.C. 2917.11(A)(1).

{¶3} The No Contact Order is effective from May 8, 2023 through May 8, 2025 and identifies four protected people. The No Contact Order warned Ghast, among other things:

- If Defendant violates any of the terms of this Order, even with a protected person's permission, Defendant can be arrested and jailed pursuant to R.C. 2951.08(A).

- A violation of this Order may result in a probation violation, including arrest, probation revocation, and jail or incarceration.

(May 8, 2023 No Contact Order). An attachment to the No Contact Order also warned Ghast: "Violating the attached Protection Order is a crime, punishable by incarceration, fine, or both and may cause the revocation of your bond or result in a contempt of court citation against you." (*Id.*).

{¶4} Just four days later, on May 12, 2023, the State of Ohio filed a Motion to Impose. The State alleged Ghast, on May 10, 2023, had violated the terms of her suspended sentence by having prohibited contact with one of the individuals named in the No Contact Order. The motion asked the trial court to impose the previously-suspended jail time of thirty days.

{¶5} On July 10, 2023, the trial court held a hearing on the State's motion. The State called one witness, the person who allegedly had been contacted by Ghast in violation of the No Contact Order. Ghast called one witness, her employer. At the end of the hearing, the trial court found Ghast had violated the No Contact Order. The court ordered Ghast to serve 10 days of the suspended sentence in jail, the remaining 20 days would continue to be suspended on the conditions previously ordered. The court immediately remanded Ghast into the bailiff's custody to be transported to the jail. (July 10, 2023 Commit; July 10, 2023 Criminal Judgment Entry).

{¶6} Given the sentence, Ghast's release date from jail was July 20, 2023. Critically, the record supports that Ghast completed the 10-day sentence imposed for violating the No Contact Order.

{¶7} On August 1, 2023, Ghast filed a Notice of Appeal. Ghast stated she was appealing the July 10, 2023 judgment of the Napoleon Municipal Court and attached a copy of the July 10, 2023 Criminal Judgment Entry. A review of the record in the trial court and this court shows Ghast did not request a stay of execution of her sentence—in either the trial court or in this court—for violating the No Contact Order. Importantly, Ghast did not appeal her original conviction or sentence. She only appeals the trial court's subsequent finding that she violated the No Contact Order.

## II.   ASSIGNMENT OF ERROR

{¶8} Ghast raises a single assignment of error for our review:

### Assignment of Error

**The trial court abused its discretion when it decided Ms. Ghast violated the no contact order as that decision was against the manifest weight and sufficiency of the evidence.**

## III.   DISCUSSION

{¶9} Before addressing Ghast's assignment of error, we must determine whether this appeal is moot as a result of Ghast's having served the 10-day jail term imposed by the judgment from which she appeals. *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987), syllabus ("[w]here the appellate court hears and decides

an appeal that is moot, the judgment of the appellate court will be reversed and the trial court's judgment reinstated, as if the appeal had been dismissed").

### A. Applicable Law

{¶10} "At common law, courts considered appeals in criminal cases to be moot if the appellant had completed the sentence prior to a ruling on the appeal on the basis that if a sentence had been served, a favorable judgment could not 'operate to undo what has been done or restore to petitioner the penalty of the term of imprisonment which he has served.'" *City of Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, ¶ 17, quoting *St. Pierre v. United States*, 319 U.S. 41, 42-43, 63 S.Ct. 910, 87 L.Ed. 1199 (1943). In accordance with this principle, the Ohio Supreme Court in *Wilson* held that an appeal is moot when a defendant convicted of a criminal offense (1) has voluntarily paid the fine or completed the sentence for that offense and (2) "no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus.

{¶11} The Ohio Supreme Court subsequently narrowed the application of this mootness test from *Wilson* and fleshed out its two conditions. *City of Cleveland Hts.* at ¶ 18-23. The mootness test no longer applies to appeals from felony convictions. *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), syllabus ("an appeal challenging a felony conviction is not moot even if the entire sentence

has been satisfied before the matter is heard on appeal," given the various severe and obvious statutory and societal consequences attaching to a felony conviction); *see also Cleveland Hts.* at ¶ 19 (explaining that *Golston* "limited the holdings in *Wilson* and *Berndt* to appeals from misdemeanor convictions in which the appellant has voluntarily completed the sentence and in which no collateral consequences resulted from the conviction"). Also, a defendant-appellant "has the burden of establishing that his appeal is not moot." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, ¶ 9.

{¶12} In *City of Cleveland Hts.*, the court addressed the first condition by explaining what it means to "voluntarily" complete a sentence for purposes of the mootness test. It held that "[t]he completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *City of Cleveland Hts.* at paragraph one of the syllabus. More specifically, the court explained a defendant does not voluntarily complete his or her sentence if the person "[1] contests charges at trial and, [2] after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and [3] thereafter appeals the conviction." *Id.* at ¶ 23. Such circumstances "objectively demonstrate[] that the sentence is not being served voluntarily"

"because no intent is shown to acquiesce in the judgment or to intentionally abandon the right to appeal." *Id.* They also "demonstrate that the appellant has 'a substantial stake in the judgment of conviction' * * * so that there is 'subject matter for the court to decide.'" *Id.*, quoting *Wilson* at 237 and *In re S.J.K.* at ¶ 9.

{¶13} Turning to the second condition for mootness, even when a defendant has voluntarily completed the sentence, if he or she suffers some collateral disability apart from the sentence, then "the defendant holds a sufficient stake in the judgment to raise a challenge" to that judgment and has "a right of appeal." *Wilson*, 41 Ohio St.2d at 238. The defendant-appellant must offer evidence from which one can draw an inference that he or she will suffer some collateral legal disability or loss of civil rights apart from the judgment or sentence itself. *Berndt*, 29 Ohio St.3d at 4; *Wilson*, 41 Ohio St.2d at 238 ("evidence must be offered from which an inference can be drawn that [defendant] suffers some collateral disability apart from the sentence").

{¶14} "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 2007-Ohio-2621, at ¶ 10. A collateral disability "must be a consequence that is imposed on the basis of the challenged judgment." *Id.* at ¶ 14. For example, the Ohio Supreme Court has held "the imposition of points [assessed against one's driver's license] is a penalty that constitutes a collateral disability flowing from a conviction for a traffic offense." *Id.* at ¶ 13. A collateral legal disability implies an adverse consequence separate from the original criminal

prosecution or expected punishment for the current offense. *See State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 12.

### B. Analysis

**{¶15}** As shown below, Ghast's appeal is moot. She voluntarily completed the 10-day jail term without seeking a stay from the trial court. This term was imposed for the non-felony offense of violating the No Contact Order. There also is no evidence offered from which an inference can be drawn that she will suffer some collateral disability or loss of civil rights resulting from the trial court's judgment finding that she violated the No Contact Order previously imposed.

### 1. Ghast voluntarily completed the sentence

**{¶16}** The judgment from which Ghast appeals is not for a felony conviction. On the contrary, she pled guilty to a fourth-degree misdemeanor and was given a suspended sentence. She did not appeal this conviction. She was subsequently found to have violated the no-contact provision of her original sentence and was ordered to serve 10 days in jail. Ghast was immediately taken to jail, and there is no indication she did not serve the entirety of that 10-day jail sentence. Although she contested the allegation that she violated the No Contact Order in the trial court, she failed—in either the trial court or this court—to request a stay of execution.

**{¶17}** Therefore, in accordance with *Cleveland Hts.*, we find Ghast voluntarily completed her sentence. Ghast has not shown otherwise. *See In re E.A.*, 3d Dist. Crawford No. 3-21-21, 2022-Ohio-2625, ¶ 30 (where there was "no

indication in the record that [appellant] ever sought to stay execution of the unsuspended portion of his contempt sanction," appellant "voluntarily served this portion of his sanction").

### 2.    No collateral consequences resulted

{¶18} The 10-day jail sentence has been completed, and a favorable judgment on appeal could not undo what has been done in serving out the imposed jail term.  Again, Ghast's challenge is to the trial court's judgment finding that she violated the No Contact Order and its sentence, not the underlying misdemeanor conviction for Persistent Disorderly Conduct under R.C. 2917.11(A)(1) or its sentence.

{¶19} Neither the record nor briefing show Ghast ever offered evidence from which one can draw an inference she will suffer some collateral disability or loss of civil rights because of the challenged judgment, apart from the already-served sentence itself.  Therefore, there is no alleged resulting collateral consequence. *See Wilson*, 41 Ohio St.2d at 237 (defendant's appeal was moot where "[t]he record in this case nowhere suggests that the defendant contended at the time of trial, or at any stage of the appellate proceedings, that the payment of the fine and costs would result in any collateral disability which would in any manner affect his civil rights"); *In re E.A.* at ¶ 30 (appellant did not identify "evidence in the record supporting an inference that he will suffer some collateral disability or loss of civil rights

attributable to the (assumedly) criminal component of his contempt sanction," so that portion of the appeal was moot).

**{¶20}** In summary, Ghast served the sentence imposed in the appealed judgment, Ghast failed to seek a stay of execution of the sentence in that judgment, and there is no evidence inferring she will suffer any collateral consequence from that judgment. Therefore, Ghast's appeal is moot. *State v. Carter*, 6th Dist. Lucas No. L-16-1099, 2017-Ohio-2898, ¶ 3, 5, 8-9 (where, following a hearing on a probation violation, defendant appealed the court's guilty finding for that violation and its corresponding sentence of 30 days in jail, his appeal was moot because he served the 30 days in jail, failed to request a stay of that sentence, and failed to argue the existence of a collateral disability).

## IV. CONCLUSION

**{¶21}** For the foregoing reasons, Ghast's appeal is dismissed as moot.

*Appeal Dismissed.*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**