**[Cite as *State v. Smith*, 2025-Ohio-1145.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

MARK WILLIAM SMITH,

    DEFENDANT-APPELLANT.

CASE NO. 7-24-05

**O P I N I O N**

Appeal from Napoleon Municipal Court
Trial Court No. TRD2400394

**Appeal Dismissed**

**Date of Decision: March 31, 2025**

**APPEARANCES:**

    *Joseph Sobecki* **for Appellant**

    *Billy D. Harmon* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Mark William Smith ("Smith"), appeals the March 19, 2024 judgment entry finding him in contempt of court and sentencing him to ten days of local incarceration. For the reasons that follow, we dismiss the appeal.

{¶2} On March 14, 2024, Smith was cited for three traffic violations—speeding, driving with a suspended license, and driving without a license. As a result, Smith was summoned to appear at the Napoleon Municipal Court on March 18, 2024. Prior to the hearing, Smith filed 11 documents with the trial court, apparently attempting to suggest that he is immune to the laws of the State of Ohio.

{¶3} At the arraignment on March 18, 2024, the trial court attempted to call the case.

| | |
|---|---|
| [Bailiff]: | State of Ohio verses Mark William Smith, case number TRD240394. |
| [Smith]: | I'm the heir to that trust. |
| [Trial court]: | Excuse me? |
| [Smith]: | I'm the heir to that trust, you said Mark William Smith, that's a trust. |
| [Trial court]: | Are you Mark William Smith? |
| [Smith]: | That's a great question. I'm the heir to the Mark William Smith Trust. |
| [Trial court]: | I don't care about a trust. |

[Smith]: I know you don't care, that's the problem, that why we're here. You're using my private trust property like toilet paper and you need to stop.

[Trial court]: Well are you Mark…

[Smith]: You got noticed right? Of the trust?

[Trial court]: I don't have any notice.

[Smith]: Okay then I got it right here. I gave it to the Court.

[Trial court]: Now mister, are you or are you not Mark William Smith?

[Smith]: I'll get to that in a minute.

[Trial court]: Well, that's not what we're here for.

. . .

[Trial court]: Mr. Smith, are you Mr. Smith?

[Smith]: That is a notice.

[Trial court]: If you're not –

[Smith]: I'm an heir to the all caps.

[Trial court]: Okay, then what I'm going to do, if Mark William Smith is not here I'm going to issue a warrant for his arrest.

[Smith]: Okay, so that's what we're here—

[Bailiff]: Stop raising your voice.

[Smith]: I think –

Case No. 7-24-05

| | |
|---|---|
| [Trial court]: | Yes or no? Yes or no? |
| [Smith]: | You just hold your, hold it, I'm going to explain. |
| [Trial court]: | No, you don't tell me. |
| [Smith]: | I am here under duress and – |
| [Trial court]: | Who are you? |
| [Smith]: | I'll tell you in a minute. |
| [Trial court]: | I don't have time to deal with this. |
| [Smith]: | I'm here under duress and for threatening arrest. I am not a volunteer so that all caps name, that is a trust. |
| [Trial court]: | You are either Mark William – |
| [Smith]: | I am the upper and lower, Mark William Smith. |
| [Trial court]: | Fantastic. |
| [Smith]: | Thank you. |
| [Trial court]: | Again, are you Mark William Smith or not? |
| [Smith]: | The upper and lower case Mark William Smith, not the all caps, that's the legal entity. |
| [Trial court]: | Are you the person Mark William Smith? |
| [Smith]: | No, I'm not a person. |

(Mar. 18, 2024 Tr. at 2-5). The trial court and Smith continued engaging in similar exchanges, with Smith refusing to identify himself as "Mark William Smith" until the trial court eventually ordered Smith's arrest. (Mar. 18, 2024 Tr. at 5-11).

| | |
|---|---|
| [Trial court]: | I'm issuing a warrant for your arrest. |
| [Smith]: | No you're not, I don't accept it.  I don't accept, I don't accept, I don't accept.  I don't accept it. |
| [Trial court]: | You can take him into custody. |
| [Smith]: | I'm here. |
| [Bailiff]: | Put your hands behind you. |
| [Smith]: | No, nope, [I'm] not going to.  Don't touch me either.  I'm a diplomat.  I'm a diplomat.  Don't you touch me. |

[Loud banging around]

| | |
|---|---|
| [Bailiff]: | You are under arrest.  Now you're going to get felonious assault, put your hands behind your back. |

[Removed from Courtroom]

| | |
|---|---|
| [Trial court]: | Sorry folks.  Folks we are safe in here, we are locked in here. |
| [Female voice]: | It's still scary Your Honor. |
| [Trial court]: | I understand that. |
| [Female voice]: | Can I open the door to let someone out? |
| [Trial court]: | I would not. |

(*Id.* at 11-12).  The court then took a break and went off the record at 10:54 a.m.

(*Id.* at 12).

**{¶4}** At 2:40 p.m., the trial court went back on the record in this case without

Smith and stated the following:

-5-

> We are here today to clarify the record in this matter. The Court does find that the defendant engaged in willful disobedience in the presence of the Court and disrupted the administration of justice this morning during this Court's arraignment hearings by refusing to acknowledge who he was, approach the defendant's table or acknowledge the authority of the Court by screaming and yelling to the point of alarming other occupants in the gallery. Therefore, the Court does find the defendant in direct contempt and orders him to be taken into custody and held pending hearing in this matter.

(Mar. 18, 2024 Tr. at 12). The judgment entry filed at 3:05 p.m. indicates that during the hearing the Defendant "refused to acknowledge himself, repeatedly pointed his finger at the Judge, raised his voice, and showed a complete lack of respect to the Court." (Doc. No. 5). The judgment entry stated that Smith "engaged in willful disobedience and disrupted the administration of justice," found Smith to be in direct contempt, and ordered Smith to be taken immediately into custody.

{¶5} The following day, the trial court conducted an additional hearing with Smith appearing from jail by video conferencing. At this hearing, Smith adamantly refused the assistance of counsel and the trial court imposed a ten-day jail sentence for the finding of contempt. The judgment entry finding Smith in direct contempt and sentencing him to 10 days in jail with credit for one day served was filed later that same day.

{¶6} On April 18, 2024, he filed his notice of appeal. He raises four assignments of error for our review.

## First Assignment of Error

**The trial court violated the Fourth Amendment to the United States Constitution by ordering the Defendant's arrest without a warrant or making a finding of contempt.**

## Second Assignment of Error

**The trial court erred by holding a hearing following the Defendant's arrest without the Defendant present to retroactively make a finding of summary direct criminal contempt without simultaneously punishing the Defendant.**

## Third Assignment of Error

**The trial court violated the Fourteenth Amendment to the United States Constitution by sentencing the Defendant to ten days imprisonment for criminal direct contempt without providing notice before the hearing and notifying the Defendant that he had a right to be represented by counsel.**

## Fourth Assignment of Error

**The Defendant received ineffective assistance of counsel when his attorney failed to file a notice of appeal and request bond pending appeal in either the trial court or appellate court prior to the conclusion of Defendant's contempt sentence.**

{¶7} Before addressing the merits of Smith's assignments of error, we must first determine whether this appeal is moot as a result of Smith having served the 10-day jail term imposed by the judgment from which he appeals. *State v. Berndt*, 29 Ohio St.3d 3 (1987), syllabus ("[w]here the appellate court hears and decides an appeal that is moot, the judgment of the appellate court will be reversed and the trial court's judgment reinstated, as if the appeal had been dismissed").

*Applicable Law*

**{¶8}** "At common law, courts considered appeals in criminal cases to be moot if the appellant had completed the sentence prior to a ruling on the appeal on the basis that if a sentence had been served, a favorable judgment could not 'operate to undo what has been done or restore to petitioner the penalty of the term of imprisonment which he has served.'" *City of Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 17, quoting *St. Pierre v. United States*, 319 U.S. 41, 42-43, 63 S.Ct. 910 (1943). In accordance with this principle, the Ohio Supreme Court in *Wilson* held that an appeal is moot when a defendant convicted of a criminal offense (1) has voluntarily paid the fine or completed the sentence for that offense and (2) "no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus.

**{¶9}** The Ohio Supreme Court subsequently narrowed the application of this mootness test from *Wilson* and fleshed out its two conditions. *City of Cleveland Hts.* at ¶ 18-23. In *City of Cleveland Hts.*, the court addressed the first condition by explaining what it means to "voluntarily" complete a sentence for purposes of the mootness test. It held that "[t]he completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and

that there is subject matter for the appellate court to decide." *City of Cleveland Hts.* at paragraph one of the syllabus. More specifically, the court explained a defendant does not voluntarily complete his or her sentence if the person "[1] contests charges at trial and [2] after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and [3] thereafter appeals the conviction." *Id.* at ¶ 23. Such circumstances "objectively demonstrate[] that the sentence is not being served voluntarily" "because no intent is shown to acquiesce in the judgment or to intentionally abandon the right to appeal." *Id.* They also "demonstrate that the appellant has 'a substantial stake in the judgement of conviction' . . . so that there is 'subject matter for the court to decide.'" *Id.*, quoting *Wilson* at 237 and *In re S.J.K.*, 2007-Ohio-2621, ¶ 8-9.

{¶10} Turning to the second condition for mootness, even when a defendant has voluntarily completed the sentence, if he or she suffers some collateral disability apart from the sentence, then "the defendant holds a sufficient stake in the judgment to raise a challenge" to that judgment and has "a right of appeal." *Wilson*, 41 Ohio St.2d at 238. The defendant-appellant must offer evidence from which one can draw an inference that he or she will suffer some collateral legal disability or loss of civil rights apart from the judgment or sentence itself. *Berndt*, 29 Ohio St.3d at 4; *Wilson*, 41 Ohio St.2d at 238. "When a contemnor appeals a finding of criminal contempt, courts typically apply the general rule governing mootness of criminal appeals." *In re Chambers*, 2019-Ohio-3596, ¶ 11 (1st Dist.). "In non-felony cases 'where a

criminal defendant . . . voluntarily satisfies the judgment imposed upon him or her for [the] offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." *In re E.A.*, 2022-Ohio-2625, ¶ 29 (3d Dist.), quoting *State v. Golston*, 71 Ohio St.3d 224, 226-227 (1994).

{¶11} "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 2007-Ohio-2621, at ¶ 10. A collateral disability "must be a consequence that is imposed on the basis of the challenged judgment." *Id.* at ¶ 14. "[A] collateral legal disability implies a separate and distinct consequence from the original criminal prosecution, that is, there must be some other effect, adverse to the defendant beyond expected punishment for his current offense." *State v. McCarty*, 2005-Ohio-4031, ¶ 4 (2d Dist.).

*Analysis*

{¶12} Smith's appeal is moot. He voluntarily served the 10-day jail term without seeking a stay from the court. The term was imposed for the non-felony offense of contempt of court. There was also no evidence offered from which an inference can be drawn that he will suffer some collateral disability or loss of civil rights resulting from the trial court's judgment finding Smith in contempt of court.

{¶13} The record shows Smith was immediately taken to jail and a commitment to serve 10 days of incarceration was issued upon the finding of contempt. There is no indication that Smith did not serve the entirety of the 10-day jail sentence. Although he emphatically protested his arrest, sentence, and the finding of contempt, Smith failed to request a stay of execution. Therefore, in accordance with *Cleveland Hts.*, we find Smith voluntarily completed his sentence.

{¶14} Further, Smith has failed to show he will suffer some collateral disability or loss of civil rights because of the challenged judgment, apart from the already-served sentence itself.[1] Accordingly, there is no alleged resulting collateral consequence. *See State v. Ghast*, 2024-Ohio-697, ¶ 19 (3d Dist.), citing *Wilson*, 41 Ohio St.2d at 237 and *In re E.A.* at ¶ 30.

{¶15} Notably, Smith never suggests his conduct was not contemptuous. Rather, he challenges the trial court procedure in ordering him to be confined for his contemptuous behavior. For example, he argues that the trial court erred by failing to summarily sentence him at the time it found him in summary direct criminal contempt and by subsequently holding a hearing finding him in summary direct contempt outside of his presence. Because the matter is moot, we need not address these issues as any opinion we render would be advisory. Likewise, we

---

[1] In his reply brief, Smith attempts to persuade us this appeal is not moot by contending, in part, that a review of the trial court proceedings is necessary for his defense to criminal charges that were subsequently filed against him as well as his potential claims for a civil suit for wrongful imprisonment. We do not find these to be collateral consequences of the trial court proceedings but, rather, Smith's conduct after the trial court ordered his removal from the courtroom.

need not address Smith's contentions regarding the alleged denial of his rights at the hearing where he was sentenced. Simply stated, no finding we make on these issues can remedy the situation that Smith created during his arraignment now that he has fulfilled his sentence.

{¶16} Accordingly, Smith served the sentence imposed in the appealed judgment, failed to seek a stay of execution of the sentence in that judgement, and has not demonstrated that he will suffer any collateral consequence specifically from that judgment. *See In re Chambers,* 2019-Ohio-3596, ¶ 17 (1st Dist.) (finding defendant's appeal moot where the defendant did not file for stay of execution and did not file her notice of appeal from the finding of contempt until she had completed her sentence). Therefore, a favorable judgment on appeal cannot undo that. Moreover, the procedural irregularities of which Smith now complains were largely the result of his own obstinate behavior.

{¶17} Thus, Smith's appeal is dismissed as moot.

*Appeal Dismissed*

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

**/jlm**